IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 0:09-207-04 (CMC) |
| v. | **OPINION AND ORDER** |
| Davinda Tonnellis Barber, | |
| Defendant. | |

This case comes before the court on Defendant's Motion for Relief under the First Step Act of 2018. ECF No. 436.[1] The United States Probation Office has filed a Sentence Reduction Report ("SRR"), indicating Defendant is eligible for relief as his statutory penalty changed, but the retroactive application of the Fair Sentencing Act had no impact on the applicable guideline range. ECF No. 434. Defendant's statutory sentencing range has changed from 20 years to Life to 10 years to Life, and his supervised release exposure is eight years instead of 10 years. Defendant's advisory Guideline range remains 262-327 months. The Government agrees Defendant is eligible for relief but requests the court deny relief because a reduction in sentence "would not further the goals of sentencing outlined in 18 U.S.C. § 3553(a)." ECF No. 440 at 1. Defendant has not filed a reply.

The court will consider the new statutory range, the advisory guideline range, factors in 18 U.S.C. § 3553(a), and any evidence of post-sentencing mitigation in deciding whether to impose a reduced sentence of incarceration. Therefore, the parties shall file, on or before July 15, 2019, any further submissions relevant to these matters.

---

[1] Defendant also filed a *pro se* motion for relief. ECF No. 429.

**Background**

Defendant was charged in a multi-count indictment with conspiracy to distribute cocaine and cocaine base and felon in possession of a firearm. ECF No. 125. On June 12, 2009, he entered a guilty plea to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. ECF No. 249 at 43. Prior to the change of plea, the Government filed an Information under 21 U.S.C. § 851 noting Defendant had one prior felony drug conviction, subjecting him to an increased mandatory minimum sentence of 20 years. ECF No. 121.

> At the Rule 11 hearing, the court advised Defendant:
>
> So the way this plea agreement reads then, you will plead guilty to count 1. As I understand it, you are prepared to admit that you were involved in a conspiracy to possess with intent to distribute at least 50 grams of crack. The government would have to be able to prove that conspiracy; it was willfully and knowingly formed and was in existence during the time period; that you at some point joined in this conspiracy with knowledge of the purpose of it; and that during the time you were a member of the conspiracy you either personally distributed 50 grams or more of crack, or agreed to assist others in doing that, or at least it was reasonably foreseeable to you that that would be what was occurring. Because you have an 851 information, you will face a mandatory minimum term of 20 years, to a maximum of life, without parole, a maximum fine of $8 million, a term of supervised release of at least 10 years, in addition to the term of imprisonment, and a special assessment of $100. Do you understand those penalties you face?
> The Defendant: Yes, ma'am.

ECF No. 272 at 20-21.

The Government summarized the evidence against Defendant, explaining Defendant

> was involved in four controlled purchases of crack cocaine, totaling 2.09 grams of crack. . . . Mr. Barber did not have enough so Mr. Barber went to Mr. Dixon and Mr. Dixon then provided Mr. Barber with the drugs to sell to the CI. Mr. Dixon would also then testify that this pooling happened on more than one occasion . . . on a few occasions Mr. Barber and Mr. Dixon would pool their money in order to

2

purchase crack. The evidence would show with the controlled buys and the historical witnesses that it would be in excess of 50 grams of crack cocaine.

*Id.* at 27-28.

Thereafter the court inquired of Defendant as follows:

The court: All right.  Mr. Barber, were you involved with at least one other person in an agreement under which the purpose was to distribute crack cocaine?
The Defendant: Yes – yes, ma'am.
The court: All right.  And did you know that this was unlawful?
The Defendant: Yes, ma'am.
The court: Selling crack cocaine?
The Defendant: Yes, ma'am.
The court: And during the time you were involved in it, did you personally handle at least 50 grams of crack?
The Defendant: No, ma'am.
The court: During the whole time period that you were involved?
The Defendant: With this conspiracy?
The court: Yes.  If we add up all the crack you sold?
The Defendant: To the informant or – no, ma'am.
The court: No. To anybody?
The Defendant: Oh, yes, ma'am.
The court: Okay.  So you sold altogether 50 grams or more of crack?
The Defendant: Yes, ma'am.
…
The court: All right. Then how do you wish to plead, to count 1 of the superseding indictment, not guilty or guilty?
The Defendant: Guilty.

*Id.* at 28:16-29:19.

Sentencing took place on August 18, 2009.  ECF No. 194.  Defendant was sentenced to 262 months imprisonment and 10 years' supervised release.  ECF No. 200.  He has been in custody since April 15, 2009.

## **Analysis**

It is the statute of conviction, not actual conduct, that determines eligibility for relief under the First Step Act.  *United States v. Powell*, 5:02-cr-206, 2019 WL 1198005, at *3 (N.D.N.Y. Mar.

3

14, 2019); *United States v. Davis*, No. 07-cr-245S(1), 2019 WL 1054554, at *2-3 (W.D.N.Y. Mar. 6, 2019); *United States v. Glore*, No. 99-cr-82-pp, 2019 WL 1060838, at *2 (E.D. Wis. Mar. 6, 2019). To be eligible, a defendant must have been convicted of a "covered offense" committed before August 3, 2010. Whether an offense is a "covered offense" is determined by examining the statute the defendant violated. *See* First Step Act, § 404(a), Pub. L. No. 115-391, 132 Stat. 5194. If that statute is one for which the statutory penalties were modified by sections 2 or 3 of the Fair Sentencing Act, it is a "covered offense."

The Fair Sentencing Act increased the quantity of cocaine base to apply a mandatory minimum 10-year sentence to 280 grams or more. 21 U.S.C. § 841(b)(1)(A). Consequently, if the jury found Defendant guilty of a conspiracy involving 50 grams or more of cocaine base, the conviction meets the "covered offense" requirement of the First Step Act. When entering his guilty plea, Defendant admitted guilt as to 50 grams or more of cocaine base only – there were no questions or admissions regarding powder cocaine. As this was sufficient for purposes of the plea at that time, the court accepted his plea to § 841(b)(1)(A) based on cocaine base only.

Applying the rule of lenity[2], the court finds that Defendant was convicted of a "covered offense" that he committed before August 3, 2010. Defendant's sentence was not previously imposed or reduced in accordance with the Fair Sentencing Act, and he has made no other motion for a sentence reduction under the First Step Act. Had the Fair Sentencing Act been in effect at the time of Defendant's sentencing, his statutory range for conspiracy involving 50 grams or more

---

[2] *See Chapman v. United States*, 500 U.S. 453, 463 (1991) ("[T]he rule of lenity tips the scales in favor of the defendant by requiring the court 'to impose the lesser of two penalties.'").

4

of cocaine base would have been 10 years to Life under 21 U.S.C. §§ 841(b)(1)(B) and 851. Defendant would have been subject to eight years supervised release.

Defendant urges the court to grant a full resentencing, at which he may argue he no longer qualifies as a career offender. The court disagrees Defendant is entitled to a new sentencing hearing. Neither the Fair Sentencing Act nor the First Step Act expressly provide for a full or plenary resentencing for reconsideration of original sentencing determinations. The First Step Act simply permits a court to "impose a reduced sentence" as if the Fair Sentencing Act's increased cocaine base requirements "were in effect at the time the covered offense was committed." Pub. L. No. 115-391, 132 Stat. 5194. It contemplates a recalculation of Defendant's guidelines under the Fair Sentencing Act and a possible sentence reduction if warranted.

There is some dispute over the procedure to implement § 404 of the First Step Act. Some suggest the proper vehicle is a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). That provision allows the court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . ." Section 994(o), in turn, gives the Sentencing Commission direction to periodically review and revise the Sentencing Guidelines. However, the sentencing changes wrought by the retroactive application of the Fair Sentencing Act are not the result of the Sentencing Commission's revision to the Sentencing Guidelines, but Congress's enactment of a new statute. Therefore, by its plain terms, § 3582(c)(2) cannot apply.

The court believes the applicable provision is 18 U.S.C. § 3582(c)(1)(B), which provides that a "court may not modify a term of imprisonment once it has been imposed except that – (1) in

any case - . . . (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Section 404 of the First Step Act expressly authorizes by statute changes to the penalty range for certain long-final sentences.

Section 404 must be read together with other existing statutes – including § 3582(c). *See, e.g., United States v. Fausto*, 484 U.S. 439, 452-53 (1988) (courts must carry out the "classic judicial task of reconciling many laws enacted over time, and getting them to 'make sense' in combination."). Significantly, § 3582 provides an overarching provision that governs the finality of criminal sentences. *See, e.g., United States v. Goodwyn*, 596 F.3d 233, 245 (4th Cir. 2010) ([T]he law closely guards the finality of criminal sentences," and "Section 3582, which governs the imposition of federal prison sentences, embraces this principle.").

Section 3582(c)(1)(B) provides a straightforward way to implement the retroactive changes in the First Step Act because it permits a modification of a sentence when "expressly permitted by statute," as the First Step Act does here. Other district courts analyzing First Step Act motions for relief agree. *See, e.g., Davis*, 2019 WL 1054554, at *2; *United States v. Potts*, No. 2:98-cr-14010, 2019 WL 1059837, at *2-3 (S.D. Fl. Mar. 6, 2019); *United States v. Delaney*, No. 6:08-cr-00012, 2019 WL 861418, at *1 (W.D. Va. Feb. 22, 2019); *United States v. Fountain*, No. 1:09-cv-00013, 2019 WL 637715, at *2 (W.D.N.C. Feb. 14, 2019); *United States v. Jackson*, No. 5:03-cr-30093, 2019 WL 613500, at *1 (W.D. Va. Feb. 13, 2019); *United States v. Copple*, No 17-cr-40011, 2019 WL 486440, at *2 (S.D. Ill. Feb. 7, 2019); *United States v. Drayton*, Crim. No. 10-20018, 2019 WL 464872, at *2 (D. Kan. Feb. 6, 2019);*United States v. Kamber*, No. 09-cv-40050, 2019 WL 399935, at *2 (S.D. Ill. Jan 31, 2019).

Section 3582(c)(1)(B) also fits the structure of § 404 of the First Step Act. Section 404(b) of the First Step Act and § 3582(c) both provide that multiple actors – including a district court, the Director of the Bureau of Prisons, the Government, and defendants – may initiate requests for sentence reductions. Statutory provisions in § 3582(c) cover: motions filed by the Government (such as motions under Fed. R. Crim. P. 35 addressed in § 3582(c)(1)(B)); motions filed by the Director of the Bureau of Prisons (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); motions filed by defendants (such as motions addressed in § 3582(c)(1)(A) and (c)(2)); and proceedings initiated by the sentencing court (such as motions addressed in § 3582(c)(2)).

When a defendant obtains relief under § 3582(c)(1)(B), that does not affect the finality of the original underlying sentence and judgment. *United States v. Sanders*, 247 F.3d 139, 142-43 (4th Cir. 2001) (explaining "[t]he plain language of 18 U.S.C. § 3582(b) establishes that a modification of a sentence does not affect the finality of a criminal judgment."). The limited scope of § 3582(c) proceedings is reflected in Fed. R. Crim. P. 43(b)(4). Under that Rule, "[a] defendant need not be present under any of the following circumstances . . . . The proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." In short, § 3582(c)(1)(B is the appropriate mechanism for granting relief under § 404 of the First Step Act.

Consequently, the court concludes that, although Defendant is eligible for consideration of a reduced sentence under the First Step Act, he is not entitled to a full resentencing. Defendant is subject to a statutory range of 10 years to Life and a supervised release term of eight years. His advisory guideline range is 262-327 months.

Prior to determining whether to impose a reduced sentence, the court will consider the new statutory range, the advisory guideline range, the 18 U.S.C. § 3553(a) factors, and any evidence of

post-sentencing mitigation.  Therefore, the parties shall file, on or before July 15, 2019, any submissions relevant to these matters.

    **IT IS SO ORDERED.**

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
June 19, 2019